**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Floyd Baker, | No. CV-08-1019-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| Michael J. Astrue, Commissioner, Social Security Administration, | |
| Defendant. | |

Plaintiff has filed a motion for summary judgment. Dkt. #11. Defendant has filed a response and a cross-motion for summary judgment. Dkt. #19. For reasons explained below, the Court will grant Defendant's cross-motion and deny Plaintiff's motion.

**I.  Background.**

Plaintiff injured his back in 1994 while working for a moving company. Plaintiff applied for social security benefits in May 1996. The application ultimately was denied in October 2004. *See* Dkt. #10A, Tr. 24.

Plaintiff filed a new application on June 16, 2005, claiming a disability onset date of April 30, 2002. Tr. 454-59. The application was denied. Tr. 419-20. A hearing before an Administrative Law Judge ("ALJ") was held on July 11, 2006. Tr. 690-722. The ALJ issued a written decision on November 15, 2006, finding that Plaintiff was not disabled within the meaning of the Social Security Act. Tr. 24-32. This decision became Defendant's final

decision when the Appeals Council denied review. Tr. 14-16. Plaintiff then commenced this action for judicial review pursuant to 42 U.S.C. § 405(g). Dkt. #1.

## II.   Standard of Review.

Defendant's decision to deny benefits will be vacated "only if it is not supported by substantial evidence or is based on legal error." *Robbins v. SSA*, 466 F.3d 880, 882 (9th Cir. 2006). Substantial evidence is more than a mere scintilla, but less than a preponderance. *Id.* In determining whether the decision is supported by substantial evidence, the Court "must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" *Id.* (citation omitted).

## III.   Analysis.

Whether a claimant is disabled is determined using a five-step evaluation process. To establish disability, the claimant must show (1) he is not currently working, (2) he has a severe physical or mental impairment, and (3) the impairment meets or equals a listed impairment or (4) his residual functional capacity ("RFC") precludes him from performing his past work. At step five, the Commissioner bears the burden of showing that the claimant has the RFC to perform other work that exists in substantial numbers in the national economy. *See* 20 C.F.R. § 404.1520(a)(4)(i)-(v).

The ALJ found that Plaintiff had several severe impairments: degenerative disc disease, chronic pain syndrome, migraine headaches, depression, and anxiety. Tr. 26, 31 ¶ 3. The ALJ determined that these impairments were not severe enough to meet or equal a listed impairment. Tr. 26, 32 ¶ 4. The ALJ concluded that Plaintiff was not disabled because he had the RFC to perform a significant range of light work through March 31, 2004, the date Plaintiff was last insured for disability benefits. Tr. 30, 32 ¶ 11.

Plaintiff's sole argument is that the ALJ erred in rejecting the uncontroverted opinions of several medical sources: Dr. Kevin Ladin, Dr. Pattabi Kalyanam, Dr. Robert Bevan, and Marion Wotsey, M.Ed. Dkt. #13 at 4-5. Defendant contends that Plaintiff has waived that argument by failing to properly articulate the argument and cite pertinent legal authority. Dkt. #19-3 at 2-3. Defendant further contends that the ALJ did not err and his decision is

1  supported by substantial evidence. *Id.* at 3-7. Because the Court concludes that the ALJ's
2  decision to reject medical source opinions was legally proper and supported by substantial
3  evidence, the Court need not address Defendant's waiver argument.

4  "The ALJ must consider all medical opinion evidence." *Tommasetti v. Astrue*,
5  533 F.3d 1035, 1041 (9th Cir. 2008) (citing 20 C.F.R. § 404.1527(b)). To reject the
6  uncontroverted opinion of a treating or examining medical source, "the ALJ must present
7  clear and convincing reasons for doing so." *Magallanes v. Bowen*, 881 F.2d 747, 751
8  (9th Cir. 1989); *see Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983); *Lester v. Chater*,
9  81 F.3d 821, 830 (9th Cir. 1995).

10 **A.     Dr. Kevin Ladin.**

11 Dr. Ladin began treating Plaintiff for chronic pain in June 1996. Dr. Ladin opined in
12 a letter dated August 24, 2001 that Plaintiff was not a surgical candidate and would find it
13 difficult to maintain gainful employment on a sustained basis. Tr. 643. He opined in a letter
14 dated October 15, 2003 that Plaintiff was not able to maintain any type of employment.
15 Tr. 636.

16 The ALJ rejected Dr. Ladin's opinions on the ground that they were inconsistent with
17 his treatment records. Tr. 29 (citing Ex. 12F, Tr. 636-66). The ALJ noted that Dr. Ladin had
18 instructed Plaintiff to participate in an exercise program. *Id.* The ALJ concluded that the
19 overall treatment pursued by Dr. Ladin was not what one would expect if Plaintiff were truly
20 disabled. *Id.*

21 Plaintiff asserts that as a layperson, the ALJ "should not be second guessing the
22 treatment regimen of medical professionals." Dkt. #13 at 4. The ALJ did not second guess
23 Dr. Ladin's treatment regimen or prescribe a treatment plan of his own. Rather, he found that
24 Dr. Ladin's opinions were not entitled to significant weight because they were inconsistent
25 with treatment records. *See* Tr. 29.

26 That finding is supported by substantial evidence. The treatment records indicate that
27 Plaintiff appeared quite comfortable from the standpoint of his physical examination, that his
28 musculoskeletal condition was relatively benign, and that his neurological condition was

- 3 -

non-focal with no radicular signs. Tr. 640. As noted by the ALJ (Tr. 29), Dr. Ladin concluded that Plaintiff has a "tendency to try to convince everyone around him that he is disabled and has severe pain and this is likely perpetuating his illness behaviors and contributing to them." Tr. 638-39. Dr. Ladin therefore encouraged Plaintiff "to become more involved in an exercise regimen and to pay less attention to what other individuals think about his condition." Tr. 638. Dr. Ladin also reported that he was "not clear as to why [Plaintiff's] symptoms would be getting worse and worse as he claim[ed.]" Tr. 637.

"The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002). In this case, the record supports the ALJ's finding that Dr. Ladin's opinions of total disability are inconsistent with the treatment records. The ALJ therefore provided a clear and convincing reason, supported by substantial evidence, for rejecting those opinions. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) (a discrepancy in the doctor's opinion and his clinical notes was a "clear and convincing reason for not relying on the doctor's opinion regarding Bayliss's limited ability to stand and walk"); *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001) (ALJ gave sufficient reasons, supported by substantial evidence, for rejecting a doctor's opinion that Tonapetyan could not perform even sedentary work because the opinion "was unsupported by rationale or treatment notes, and offered no objective medical findings to support the existence of Tonapetyan's alleged conditions"); *Lombardo v. Schweiker*, 749 F.2d 565, 567 (9th Cir. 1984) (AJJ provided clear and convincing reason for rejecting the treating physician's opinion where it was "not supported by the available clinical findings").

**B.     Dr. Pattabi Kalyanam.**

Dr. Kalyanam began treating Plaintiff for low back pain in January 2004. Tr. 535, 549-50, 604-06. On March 29, 2005, Dr. Kalyanam reported that Plaintiff received epidural injections and narcotic pain medication and opined that as a result of his chronic condition, he was "not going go be able to maintain any type of gainful employment." Tr. 534, 588. The ALJ rejected Dr. Kalyanam's opinion in part because he "relied quite heavily upon

- 4 -

1  [Plaintiff's] subjective reports of symptoms and limitations" and "there exist good reasons
2  for questioning the reliability of [Plaintiff's] subjective complaints." Tr. 29.

3        This Circuit has made clear that a "physician's opinion of disability 'premised to a
4  large extent upon the claimant's own accounts of his symptoms and limitations' may be
5  disregarded where those complaints have been 'properly discounted.'" *Morgan v. Comm'r*
6  *of SSA*, 169 F.3d 595, 602 (9th Cir. 1999) (quoting *Fair v. Bowen*, 885 F.2d 597, 605 (9th
7  Cir. 1989)). Plaintiff does not challenge the ALJ's finding that Plaintiff has exaggerated the
8  severity of his symptoms and limitations. *See* Tr. 27-28, 32 ¶ 5. Nor does Plaintiff dispute
9  that Dr. Kalyanam's opinion is based in large part on Plaintiff's own subjective complaints.
10 *See* Tr. 534-58, 581-607. Because the ALJ properly discounted Plaintiff's credibility,
11 "he was free to disregard [Dr. Kalyanam's] opinion, which was premised on [Plaintiff's]
12 subjective complaints." *Tonapetyan*, 242 F.3d at 1149; *see Morgan*, 169 F.3d at 602 (same);
13 *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995) ("Because [the doctor's] diagnoses
14 were based on the self reporting of an unreliable person, the ALJ decided to accord them less
15 weight. This he could legitimately do[.]").

16     **C.**    **Dr. Robert Bevan.**

17       Plaintiff was examined by Dr. Bevan on April 25, 2006. Tr. 668-78. Dr. Bevan
18 diagnosed Plaintiff with depression and a personality disorder and opined that he was not
19 able to work "at this time." Tr. 677-78. Because there was no evidence suggesting that
20 Dr. Bevan intended his opinion to relate back to March 31, 2004, the date Plaintiff was last
21 insured for disability benefits, the ALJ concluded that the opinion was "not relevant to the
22 time period under consideration." Tr. 29.

23       Without referencing Dr. Bevan specifically, Plaintiff asserts that the ALJ did not "give
24 'clear and convincing reasoning" for rejecting the "opinion of the examining physician."
25 Dkt. #13 at 5. Plaintiff does not dispute, however, that he has the burden of showing that he
26 was "disabled within the meaning of the Social Security Act before his coverage expired."
27 *Lombardo*, 749 F.2d at 567; *see Flaten v. Sec'y of HHS*, 44 F.3d 1453, 1458 (9th Cir. 1995)
28 (claimants "must show that the current disability has existed continuously since some time

- 5 -

1  on or before the date that their insured status lapsed"). Dr. Bevan examined Plaintiff more
2  than two years after his insured status expired but "did not state when Plaintiff's
3  psychological difficulties first caused him to be completely disabled" or otherwise describe
4  "the level of the limitations stemming from his impairments prior to Plaintiff's date last
5  insured." *Hutchison v. Astrue*, No. CV-07-0197-JPH, 2008 WL 906733, at *7 (E.D. Wash.
6  Apr. 1, 2008). "The ALJ, therefore, reasonably evaluated the remoteness of [Dr. Bevan's]
7  examination in weighing the value of his opinion." *Lombardo*, 749 F.2d at 567; *see*
8  *Hutchison*, 2008 WL 906733, at *7.

### D. Marion Wotsey, M.Ed.

Ms. Wotsey, who holds a masters of education degree, examined Plaintiff and completed a mental impairment report on August 20, 2005. Tr. 530-33. Ms. Wotsey reported that Plaintiff's depression had worsened and opined that he was unable to perform or had a limited ability in all work related areas assessed. Tr. 531-33.

The ALJ rejected Ms. Wotsey's opinion for two reasons. First, the ALJ found that in diagnosing Plaintiff with major depression due to effects of a severe medical condition, Ms. Wotsey gave an opinion outside her area of expertise because no evidence suggested that she was qualified to assess the severity of Plaintiff's physical impairments. Tr. 29. Second, the ALJ found that it was not possible to determine the validity of Ms. Wotsey's opinion because progress notes documenting Plaintiff's psychological treatment had not been provided. *Id.*

Plaintiff does not explain why those reasons are legally insufficient. "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." *Andrews*, 53 F.3d at 1039 (citing *Magallanes*, 881 F.2d at 750). The Court may not "substitute its own determination of what the evidence shows for the ALJ's if there is sufficient evidence to support the ALJ's outcome." *Young v. Sullivan*, 911 F.2d 180, 184 (9th Cir. 1990). Because the ALJ's interpretation of Ms. Wotsey's opinion is a rational one supported by the evidence, the Court "must uphold the ALJ's decision[.]"

*Andrews*, 53 F.3d at 1039-40.[1]

## IV.  Conclusion.

Plaintiff has not shown, and the Court does not otherwise find, that the ALJ committed legal error in rejecting medical source opinions.  Having considered the record as a whole, the Court concludes that substantial evidence supports the decision to deny benefits.  The Court will therefore affirm the decision.  *See* 42 U.S.C. § 405(g).

**IT IS ORDERED:**

1. Plaintiff's motion for summary judgment (Dkt. #11) is **denied**.
2. Defendant's cross-motion for summary judgment (Dkt. #19) is **granted**.
3. Defendant's administrative decision denying benefits is **affirmed**.
4. The Clerk is directed to enter judgment accordingly.

DATED this 23rd day of February, 2009.

David G. Campbell
United States District Judge

---

[1] Plaintiff notes that Dr. Gary Dilla opined that Plaintiff's workers compensation case should be reopened for new active medical treatment (*see* Tr. 514-20), but does not explain how that opinion renders the ALJ's decision erroneous.  *See* Dkt. #13 at 5-6.

- 7 -